1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA M., | Case No. 1:15-cv-01386-JAM-SAB |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| WILLIAM NULICK, et al., | (ECF Nos. 30, 39, 41, 43, 45) |
| Defendants. | TEN DAY DEADLINE |

Currently before the Court is Plaintiff Alma M's motion to compel production of documents.  Oral argument on Plaintiff's motion was held on January 11, 2017.  Counsel Christopher Noyes appeared for Plaintiff; and counsel Michael Moss appeared for Defendants County of Tulare and Tulare County Sheriff.  Having considered the moving papers, the declarations and exhibits attached thereto, arguments presented at the January 11, 2017 hearing, as well as the Court's file, the Court issues the following order.

## I.

### RELEVANT HISTORY

Plaintiff Alma M. filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2015.  (ECF No. 1.)  Plaintiff's complaint alleges that during a traffic stop on October 4, 2013, Tulare County Sheriff's Deputy William Nulick groped her and forced her to have oral sex with him.  (Id.)  Defendants filed a motion to dismiss which was granted in part and denied in

part on May 12, 2016.  (ECF No. 27.)  Plaintiff was granted the opportunity to file an amended complaint within twenty days and did not do so.  (Id.)  This action is proceeding against Defendants Nulick, County of Tulare, and Tulare County Sheriff alleging violation of the Fourth Amendment, and state law claims of assault; battery; sexual battery; false imprisonment; intentional infliction of emotional distress; violations of civil code § 52.1; negligent infliction of emotional distress; violations of the Unruh Act; and negligent infliction of emotional distress.

On November 30, 2016, Plaintiff filed the instant motion to compel production.  (ECF No. 30.)  On December 6, 2016, an order issued requiring Plaintiff to show cause why the memorandum and declarations and exhibits attached to the motion to compel should not be stricken as filed in violation of Local Rule 251.  (ECF No. 36.)  On December 8, 2016, Plaintiff filed a response; and the memorandum, declarations, and exhibits attached to the motion to compel were stricken from the record.  (ECF Nos. 37, 38.)  On December 14, 2016, the parties filed a joint statement of discovery dispute.  (ECF No. 39.)  After reviewing the joint statement, the Court issued an order on December 16, 2016, continuing the motion to compel to January 11, 2017, and requiring the parties to file a supplemental joint statement after Defendants produced discovery ordered in a companion case, Maria R. v. Nulick, 1:15-cv-01378-JAM-EPG (E.D. Cal.).  (ECF No. 40.)  On January 4, 2017, the parties filed a further joint statement re discovery disputes.  (ECF No. 41.)  On January 5, 2017, at the direction of the Court, Defendants filed an exhibit in support of the joint statement.  (ECF Nos. 42, 43.)  On January 10, 2017, Defendants filed a supplemental statement re discovery agreement.  (ECF No. 45.)

## II.

## LEGAL STANDARD

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1) *In General*.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37.

Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control that is within the scope of Rule 26.  Fed. R. Civ. P. 34(a)(1)(B).  The party receiving the request has thirty days in which to respond.  Fed. R. Civ. P. 34(b)(2).  A party may move for an order compelling production where the opposing party fails to produce documents as requested under Rule 34.  Fed. R. Civ. P. 37(a)(3(B)(iv).

Discovery is not limited to the issues raised in the pleadings but encompasses any matter that bears on or reasonably could lead to other matter that bears on any issues that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  However, discovery does have ultimate and necessary boundaries.  Oppenheimer Fund, Inc., 437 U.S. at 351.  Rule 1 of the Federal Rules of Civil Procedure provides that the Federal Rules should be administered to "secure the just, speedy, and inexpensive determination of every action and proceeding."

**III.**

**DISPUTED DISCOVERY REQUESTS**

In the further joint statement, Plaintiff contends that requests for production nos. 34, 36, 37, 38 and 44 are still at issue following the production ordered in Maria R. v. County of Tulare. Defendants contend that the entirety of the documents in Defendants' possession, custody and control have been produced in this action.

**A.     Request for Production Nos. 34, 36, and 37**

Plaintiff's request for production no. 34 seeks "All DOCUMENTS relating to the sexual assault kit of Alma Moreno in connection with Tulare County Sheriff's Department Crime Report Case No. 13-00013138."  (ECF No. 39 at 104.[1])  Defendants responded with an objection, and also stated, "Having made a diligent search and reasonable inquiry, no responsive documents are in the County's possession custody or control."  (Id. at 133.)

Plaintiff's request for production no. 36 seeks "All DOCUMENTS relating to the DNA

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  testing of the brown cloth hand towel in connection with Tulare County Sheriff's Department

2  Crime Report Case No. 13-00013138." (Id. at 104.)  Defendants' responded with an objection

3  and stated "Defendant does not believe any documents or materials responsive to this Request

4  have ever existed.  To Defendant's knowledge, no DNA test on the brown cloth hand towel was

5  requested for testing in connection with Tulare County Sheriff's Department Crime Report Case

6  No. 13-00013138." (Id. at 134.)

7       Plaintiff's request for production no. 37 seeks "All DOCUMENTS relating to the DNA

8  testing of the white cloth hand towel in connection with Tulare County Sheriff's Department

9  Crime Report Case No. 13-00013138." (Id. at 104.)  Defendants' responded with an objection

10 and stated, "After a diligent search and reasonable inquiry, Defendant does not believe any

11 documents or materials responsive to this Request have ever existed.   To Defendant's

12 knowledge, no DNA test on the white cloth hand towel was requested for testing in connection

13 with Tulare County Sheriff's Department Crime Report Case No. 13-00013138." (Id. at 134.)

14      "Under Federal Rule of Civil Procedure 34, documents sought in discovery motions must

15 be within the 'possession, custody or control' of the party upon whom the request is served."

16 Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).  "Control is defined as the legal

17 right to obtain documents upon demand."   United States v. Int'l Union of Petroleum & Indus.

18 Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989).  Therefore, Rule 34 does not require

19 the party to have actual possession of responsive documents and a party may be ordered to

20 produce documents that are in the possession of third parties if that party has the legal right to

21 obtain the document or has control over the entity that has possession of the document.  Soto,

22 162 F.R.D. at 619.

23      In this instance, Defendants contend that they are not in possession of any responsive

24 documents and to their knowledge no testing was done on the brown cloth hand towel or white

25 cloth hand towel.   Plaintiff does not address the response that no documents are in the

26 possession, custody or control of Defendants' but argues that Defendants should be required to

27 identify any documents that are being withheld on the basis of a privilege.  (ECF No. 39 at 21.)

28      Defendants are not required to create documents responsive to a request for production.

1   Defendants have filed a declaration stating that while the sexual assault kit and hand towels were

2   collected, there was never a request by the District Attorney for the items to be sent for testing.

3   Therefore, there are no test results to produce.  (Decl. of Keith Douglass, ECF No. 45 at 4-5.)

4   The party seeking production bears the burden of proving that the opposing party has such

5   control of responsive documents.  Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870

6   F.2d at 1452.  Plaintiff has not addressed the response that no such documents are in Defendants'

7   possession or control.   Therefore, Plaintiff has not met her burden of demonstrating that

8   Defendants have possession or control of responsive documents that have not been produced.

9   Plaintiff's request to compel production of documents responsive to request for production nos.

10  34, 36 and 37 is denied.

11          **B.        Request for Production No. 38 and 44**

12          Plaintiff's request for production no. 38 seeks "All DOCUMENTS relating to the DNA

13  testing of the Under Armor shirt in connection with Tulare County Sheriff's Department Crime

14  Report Case No. 13-00013138."  (ECF No. 39 at 104.)  Defendants' responded with an objection

15  and stated, "Responsive, non-privileged documents in the County's custody, possession or

16  control were previously produced and are already in the propounding party's possession at bate

17  stamped pages DEF 00074-DEF 00075."  (Id. at 135.)

18          Plaintiff's request for production no. 44 seeks "All DOCUMENTS relating to any and all

19  forensic tests and results in connection with Tulare County Sheriff's Department Crime Report

20  Case No. 13-00013138."  (ECF No. 39 at 105.)  Defendants' responded with an objection and

21  stated, "Responsive, non-privileged documents in the County's custody, possession or control

22  were previously produced and are already in the propounding party's possession at bate stamped

23  pages DEF 00059-DEF 00075; DEF 00086-DEF 00091; DEF 00128-DEF 00150; DEF 00156-

24  DEF 00157; DEF 00163-DEF 00165."  (Id. at 137.)

25          Plaintiff appears to be seeking through this motion any additional responsive documents

26  that were withheld on the basis of privilege.  Rule 26 provides that when otherwise discoverable

27  information is withheld under the rules on claims that it is privileged, any such claim shall be

28  expressly made and shall describe the nature of the documents, communications, or things not

produced or disclosed, in a manner that will enable assessment of the applicability of the privilege or protection without revealing the privileged or protected information itself.  Fed. R. Civ. P. 26(b)(5).  "Formally claiming a privilege should involve specifying which information and documents are privileged and for what reasons, especially when the nature of the information or documents does not reveal an obviously privileged matter."  Paulsen v. Case Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996) (citing Kerr v. United States District Court, Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975)).

In order to assist a court in determining a claim of privilege, a detailed privilege log may be required in conjunction with evidentiary submissions to fill any factual gaps.  United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996), cert. denied, 519 U.S. 927 (1996); see also, Allen v. Woodford, 2007 WL 309485, *4 (E.D. Cal. 2007), recon. denied, 2007 WL 841696.  A detailed privilege log allows for a case-specific and fact-specific balancing of the interests of law enforcement, privacy interests of police officers or citizens, interests of civil rights plaintiffs, policies that inform the laws, and the needs of the judicial process.  Kelly, 114 F.R.D. at 667-69.  The privilege log also must: (1) show that the agency generated or collected the information and maintained its confidentiality; (2) show that the declarant reviewed the material personally; (3) identify a specific governmental or privacy interest that would be threatened by disclosure to plaintiff; (4) describe how disclosure, subject to a carefully crafted protective order, would create a substantial risk of harm to significant governmental or privacy interests; and (5) assess the extent of the harm that would result from disclosure.  Id. at 670.  The failure to produce a privilege log in a timely manner may waive the privilege objections.  Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005).

Plaintiff asserts that Defendants provided only boilerplate objections without providing evidentiary declarations to support the objections, but such declarations are attached to the joint statement.  (See ECF No. 39 at 144-149, 186-191.)  The proof of service for the responses to Plaintiff's interrogatory request indicates that the declaration was served with Defendant's response.  (ECF No. 39 at 141-142.)

1    In the current motion, Plaintiff requests that the Court order Defendants to state whether

2  any responsive documents are being withheld based on specifically stated objections and to log

3  any documents being withheld on the basis of privilege.  Defendants shall be required to provide

4  Plaintiff with a privilege log listing all documents withheld on the basis of an asserted privilege

5  which identifies the document withheld and specifically stated privilege for each document.

6  **IV.**

7  **CONCLUSION AND ORDER**

8    Based on the foregoing, IT IS HEREBY ORDERED that:

9    1.    Plaintiff's motion to compel production of documents responsive to request for

10         production nos. 34, 36, and 37 are DENIED;

11   2.    Plaintiff's motion to compel production of documents responsive to request for

12         production nos. 38 and 44 are GRANTED IN PART;

13   3.    Within ten days from the date of entry of this order, Defendant shall produce a

14         privilege log identifying all documents withheld on the basis of privilege; and

15   4.    The parties are to submit a stipulation addressing the use of the documents

16         produced in the companion case in this action on or before January 13, 2017.

17

18  IT IS SO ORDERED.

19  Dated:   **January 11, 2017**

    _____
    UNITED STATES MAGISTRATE JUDGE